[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On or about May 25, 1994 the defendants entered into a contract with the plaintiff for the construction of a house on property owned by the defendants. The contract provided for the CT Page 8817 construction of a three bedroom Colonial with a three car garage on Justin Drive in North Haven, Connecticut. The total contract price was $178,000 without any extras.
The terms of the contract referred to the labor and material to be furnished in the various areas of the structure with a provision for some extras if ordered by the defendants. An addendum to the contract listed options the defendants could consider with the understanding "If owner wants to be responsible for these items listed below, he must be responsible for the work and must pay for them." The options then referred to three items that are the basis of this dispute. The items are:
Heating and Air Conditioning $7,800.00
Plumbing and Heating $9,800.00
Hardwood Floors $4,300.00
The plaintiff claims that upon completion of his work under the contract the I defendants owed the sum of $8,220 65, and therefore a mechanics lien was filed for that sum on July 17, 1995. He contends that one of the disputed items related to the type of heating system, and the heating system referred to under "Plumber" on page 3 of the contract required the installation of a baseboard heating system. Under "Second Floor" on page 2 of the contract required the installation of central air conditioning.
It is the plaintiff's contention that the heating system provided in the contract differed from forced hot air with the central air conditioning, and if the defendants opted For this system they would only be entitled to a credit for the baseboard system stated in the contract. The plaintiff therefore claims the defendants are not entitled to the credits claimed by the defendant for the heating system.
The plaintiff also disputes the defendant's claim of a credit of $4,300.00 for hardwood floors because the contract only refers to oak flooring in the dining room, and oak flooring in the living room would be an extra for $640.00. The remainder of the house required a rug in the family room and carpet in the bedrooms.
The defendants contend that they are entitled to total credits of $36,204.40 against the total contract price of $178, CT Page 8818 800 plus the extras for the total sum of $191,636.87 which would obligate the plaintiff to reimburse the defendant's the sum of $2,876.53. Included within the credits claimed by the defendants is $7,800.00 for the heating system and air conditioner; $4,300.00 300.00 for hardwood floors; and $4,100.00 for baseboard heat.
This court finds the options listed on page 5 of the contract permitted the plaintiff to choose any of the options listed with the agreement of the parties the defendant would pay separately for any of those items not listed in the contract. The listed options did not entitle the defendants to receive a credit for items not stated in the contract. The defendants opted against installing either heating system, and therefore the defendants are only entitled to a credit of $4,100.00 which would be the cost of a baseboard heating system which was agreed to in the contract. The claimed credit of the defendants for $4,500.00 for a forced hot air system is therefore improper.
The hardwood floor credit claimed by the defendants also appears to be without merit. The contract only provided for oak floor in the dining room, and in the living room it was to be treated as an extra. The defendants opted to install their; own floors and therefore they would be entitled to a credit for the oak floor provided for in the contract for the dining room. The credit for the dining room floor would be $549.00, and therefore the difference of $3,751.00 as claimed by the defendants is also improper.
The plaintiff in the complaint claims a balance due of $8,220.65 The defendants claim they are entitled to be reimbursed from the plaintiff the sum of $2,867.53.
This court concludes the defendants are not entitled to take as credits $3,751.00 for the hardwood floor and $4,500.00 for the forced hot air system, and that total sum of $8,251.00 less the sum of $2,867.53 claimed by the defendant leaves a balance due to the plaintiff of $5,383.47.
Judgment shall therefore enter for the plaintiff for the sum of $5,383.47.
Howard F. Zoarski Judge Trial Referee CT Page 8819